UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY V. DAVID, et al.,

    Plaintiffs,

    v.

GMAC MORTGAGE, LLC, et al.,

    Defendants.

_____/

No. C 11-2914 PJH

**ORDER DENYING MOTION FOR RECUSAL**

    Before the court is pro se plaintiffs Ashley V. David and Nosheen David's motion to recuse the undersigned judge pursuant to 28 United States Code § 455. Section 455, by contrast, mandates that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned;" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." See 28 U.S.C. § 455(a); id., at § 455(b)(1). The test for personal bias or prejudice in section 144 is identical to that in section 455. See United States v. Olander, 584 F.2d 876, 882 (9th Cir. 1978); see United States v. Carignan, 600 F.2d 762, 764 (9th Cir. 1979).

    Plaintiffs have requested recusal due to an alleged "conflict of interest related to [the undersigned's] investments in the banking industry." Plaintiffs have filed an affidavit detailing the undersigned's holdings in three separate mutual funds: investment of less than $1,000 in the FIdelity Puritan Fund; investment of between $1,000 and $2500 in the Vanguard 500 Index Fund; and investment of less than $1000 in Janus Worldwide Fund. According to plaintiffs, all of these mutual funds contain holdings belonging to large US banks and the US financial services sector, which fact purportedly constitutes a conflict of

interest here, since the instant action involves a legal challenge involving a large US bank. Plaintiffs do not assert that any of the mutual funds held by the undersigned contain holdings related to GMAC specifically – the only banking entity a party to this action.

Canon 3C(1)(c) of the Judicial Code of Conduct requires a judge to disqualify himself or herself when the judge knows that he or she "has a financial interest in the subject matter in controversy or in a party to the proceeding," or when the judge has "any other interest that could be affected substantially by the outcome of the proceeding." However, an interest in a mutual fund or other similar "common fund" does not constitute a "financial interest" in the corporations whose stock is owned by the mutual fund, unless the judge participates in the management of the fund. Canon 3C(3)(C)(i). Thus, the mere fact that a judge's mutual fund owns stock in a company appearing before the judge does not necessitate the judge's disqualification. While there are various criteria involved in determining whether a fund is a "mutual or common investment fund" pursuant to the foregoing, most mutual funds registered with the Securities and Exchange Commission and sold to the public as mutual funds will likely meet this criteria. See Committee on Codes of Conduct, Advisory Opinion No. 106.

Here, none of the three mutual funds in which the undersigned has invested are funds that provide a basis for disqualification in the first place, since none contain holdings in GMAC or any other party to this action, such that any financial 'interest' in the present action by the undersigned can be claimed. Even if the mutual funds did contain holdings in GMAC, however, the funds are sold to the public as mutual funds and are registered with the SEC. As such, they fall within the ambit of Canon 3C(3)(c)(i), and are excluded from the scope of 'financial interests' that could create a conflict of interest.

To the extent, moreover, that plaintiffs otherwise assert that the undersigned is prejudiced "in favor of the banks" based on prior adverse decisions in related cases, the court notes that plaintiffs have not cited to any related cases upon which the court might assess the adequacy of plaintiffs' argument. Furthermore, the mere fact that the

undersigned may have reached decisions on prior unrelated cases not to plaintiffs' liking, cannot be used as a reasonable basis for questioning the undersigned's impartiality. See U.S. v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980)(holding affidavit in favor of recusal not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").

For all the foregoing reasons, plaintiffs' motion is insufficient as a matter of law, and plaintiffs' claim under 28 U.S.C. § 455 is untenable. Plaintiffs' motion for recusal is therefore DENIED.

**IT IS SO ORDERED.**

Dated: December 6, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge