UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY V. DAVID and NOSHEEN DAVID,

       Plaintiffs,

    v.

GMAC MORTGAGE, LLC, et al.,

       Defendants.

_____/

No. C 11-2914 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

      Defendants' motion to dismiss and special motion to strike or in the alternative to dismiss, came on for hearing on December 7, 2011 before this court. Plaintiff Ashley V. David ("plaintiff") appeared in pro per; plaintiff Nosheen David (both collectively "plaintiffs") did not appear. Defendant GMAC Mortgage, LLC ("GMAC") appeared through its counsel, Michael Cross. Defendants Tyneia G. Merritt, Esq. and Merritt Law, Inc. (collectively "Merritt defendants"), appeared through their counsel, Femi Banjo. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motions, for the reasons stated at the hearing, and summarized as follows:

      1.    As a preliminary matter, the court disposes of plaintiffs' overriding contentions that defendants lacked "standing" to foreclose upon plaintiffs' residence because defendants are not in possession of the original promissory note, and because defendants failed to record the Assignment of Deed of Trust, as required by California Civil Code § 2932.5. As to the former, it is well-established that possession of the original note is not a prerequisite to nonjudicial foreclosure proceedings in California. See, e.g., Gamboa v.

1  Trustee Corps., 2009 WL 656285 at *4 (N.D. Cal., March 12, 2009); see also Putkkuri v.
2  ReconTrust Co., 2009 WL 32567 at *2 (S.D. Cal., Jan. 5, 2009)(under Civil Code §
3  2924(a), trustee has right to initiate foreclosure process, and production of original note is
4  not required).  As to the latter, and as defendant GMAC points out, Exhibit B to plaintiffs'
5  complaint demonstrates that an assignment of Deed of Trust was, in fact, recorded in the
6  Contra Costa County Recorder's office.  Moreover, Civil Code § 2932.5 does not apply to
7  Deeds of Trust at any rate.  See Jacobs v. Bank of America, N.A., 2011 WL 250423 *5
8  (N.D. Cal. Jan. 25, 2011)("Section 2932.5 applies to mortgages, not deeds of trust. It
9  applies only to mortgages that give a power of sale to the creditor, not to deeds of trust
10 which grant a power of sale to the trustee ").

      2.  Plaintiffs' first cause of action for quiet title against defendants is without merit.  Plaintiffs fail to clearly allege that they are the owners of the property in question; and that defendants claim an interest in the property adverse to plaintiffs due to the allegedly wrongful foreclosure conducted on the property.  See Complaint, ¶¶ 65-128; see also South Shore Land Co. v. Petersen, 226 Cal. App. 2d 725, 740-741 (1964)(in ordinary action to quiet title, it is sufficient to allege in simple language that the plaintiff is the owner and in possession of the land and that the defendant claims an interest therein adverse to him).  Nor can plaintiffs meaningfully do so: a foreclosure sale was completed on March 4, 2011.  As such, and since plaintiff's complaint was not filed until June 2011, plaintiff cannot allege legal ownership in the property.  This deficiency is fatal to the quiet title claim.  Moreover, tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or any claim challenging the regularity of a foreclosure procedure - as plaintiffs' quiet title claim purports to do here.  See Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996)(tender rule applies to any cause of action for irregularity in sales procedure); Yamamoto v. Bank of New York, 329 F.3d, 1167, 1173 (9th Cir. 2003).  Since plaintiffs further fail to allege tender of the amount owed, the quiet title claim fails for this additional reason.

To the extent plaintiffs' first cause of action also alleges a claim under 42 U.S.C. § 1983, and relies on allegations that defendants violated various constitutional rights, this claim also fails, since defendants are not state actors, nor do plaintiffs meaningfully allege that they are.  See Wyatt v. Cole, 504 U.S. 158, 161 (1992)(purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to harmed parties); West v. Atkins, 487 U.S. 42, 46 (1988)(to state claim under § 1983, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law).

Accordingly, plaintiffs' first cause of action is DISMISSED with prejudice, since any amendment would be futile, given the foregoing.

3. Plaintiffs' second cause of action alleging wrongful foreclosure against defendants fails to state a viable claim for relief.  As already noted, it is settled under California law that "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."  Abdallah, 43 Cal. App. 4th at 1109; Yamamoto, 329 F.3d at 1173; see also Karlsen v. Am. Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").  Plaintiffs have failed to allege that they tendered or offered to tender the full amount owed under the loan, as is required.  Thus, plaintiff's claim against defendants is DISMISSED, with prejudice.

4. Plaintiffs' third claim for slander of title or for fraudulent inducement similarly fails. To the extent plaintiffs allege slander of title, such a claim fails for two reasons: first, plaintiffs base their slander of title claim on the registration of the Notice of Default against the property, and by reasonable inference, the Notice of Trustee's sale that was subsequently recorded against the property.  See Complaint, ¶ 137.  These documents, however - including their mailing, publication, and delivery as required by statute -

constitute "privileged communications" pursuant to Cal. Civil Code § 47.  <u>See</u> Civ. Code § 2924(d)(1).  Thus, no action based upon these protected documents may lie.  Second, plaintiffs' slander of title claim seeks to set aside the foreclosure sale, and as already noted, an allegation of tender is required, which plaintiffs have failed to make.  As such, the slander of title claim is DISMISSED.  The dismissal is with prejudice, in view of the privileged nature of the communications underlying plaintiffs' claim.

To the extent, moreover, that plaintiffs attempt to allege fraudulent conduct by defendants, plaintiffs have presented only conclusory allegations of fraud in their complaint.  They have failed to allege with specificity any fraudulent statements that were made by defendants at any time.  This falls well short of the pleading requirements of Rule 9(b).  <u>See, e.g., Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003)(plaintiffs must specifically identify the misrepresentations made by each individual defendant, and the date or circumstances under which such misrepresentations were made.).  Furthermore, to the extent plaintiffs' claim alleges defendants' wrongful conduct in connection with representations allegedly made at the time plaintiffs' loans originated in 2005, the claim appears to be time-barred.  Actions for fraud - whether premised under the common law of fraud or statutory fraud - are subject to a three year statute of limitations.  <u>See</u> Cal. Code Civ. Proc. § 338(d); Cal. Civ. Code § 1572.  Since the complaint was not filed until June 14, 2011, a fraud claim premised on the foregoing is untimely.  Accordingly, plaintiffs' fraud claim is, to the extent pled, also DISMISSED.  The dismissal is with prejudice, to the extent premised on allegations of conduct in connection with loan origination, and without prejudice to the extent premised on other conduct.  Plaintiffs are granted leave to amend the claim, in order to allege such wrongful conduct occurring within the statute of limitations period with particularity, and in accordance with the heightened pleading requirements of Rule 9(b).

5.    Finally, plaintiffs' fourth and final cause of action alleging violation of the federal Fair Debt Collection Practices Act ("FDCPA"), is also DISMISSED. Plaintiffs allege

4

1  that defendants unlawfully "foreclosed [on plaintiffs' property] and filed an action for
2  unlawful detainer," which allegedly unlawful conduct violates the FDCPA.  See Complaint, ¶
3  142.  However, "foreclosing on [a] property pursuant to a deed of trust is not the collection
4  of a debt within the meaning of the FDCPA...".  See, e.g., Izenberg v. ETS Services, LLC,
5  589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Medina v. EMC Mortg. Corp., 2010 WL
6  2573006, *3 (N.D. Cal. 2010); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188,
7  1204 (D. Or. 2002).  Thus, plaintiffs fail to plead that defendants were "collecting a debt"
8  within the meaning of the Act, and the claim is DISMISSED with prejudice.  For all the
9  foregoing reasons, defendant GMAC's motion to dismiss is GRANTED.

10    6. With respect to the Merritt defendants, they have moved not only to dismiss
11  plaintiffs' complaint, but in the alternative, to strike plaintiffs' complaint pursuant to
12  California's anti-SLAPP statute.  See Cal. Code Civ. Proc. § 425.16.  For the reasons
13  already stated, and furthermore based on plaintiffs' total failure to include any allegations
14  against these defendants and the fact that the Merritt defendants undertook no actions
15  related to the origination or servicing of plaintiffs' mortgage loan, the complaint is
16  DISMISSED as to these defendants as well.

17    Defendants' motion to strike the complaint pursuant to the anti-SLAPP statute is also
18  meritorious.  Generally, "a cause of action shall be subject to a special motion to strike if (1)
19  the cause of action arises from an act in furtherance of the defendant's constitutional right
20  of petition or free speech in connection with a public issue, and (2) the plaintiff is unable to
21  establish a probability of prevailing on the merits of the claim."  Hall v. Time Warner,
22  Inc.,153 Cal. App. 4th 1337, 1345 (2007)(citing Cal. Code Civ. Proc. § 425.16(b)(1)).  Here,
23  the only allegation that could possibly relate to the Merritt defendants is contained in
24  paragraph 69 of the Complaint, wherein plaintiffs reference the fact that "defendants" filed a
25  post-foreclosure unlawful detainer action against plaintiffs in state court.  See Complaint, ¶
26  69; see also generally Merritt Decl. (averring that defendants Tyneia G. Merritt and her
27  professional corporation, Merritt Law, Inc. were retained by GMAC to institute an unlawful
28

detainer action). Based on this allegation, the court concludes that plaintiffs' three state law causes of action against the Merritt defendants arise from the Merritt defendants' protected activity under the anti-SLAPP statute, and that plaintiffs cannot establish a probability of prevailing on the merits of their claim. See Feldman v. 1100 Park Lane Assocs., 160 Cal. App. 4th 1467, 1479-80 (2008)(recognizing that "the prosecution of an unlawful detainer action indisputably is protected activity within the meaning of section 425.16"); Action Apartment Assn., Inc. v. City of Santa Monica, 41 Cal. 4th 1232 (2007)(filing of unlawful detainer suit privileged under Cal. Civil Code § 47(b)); Flatley v. Mauro, 39 Cal. 4th 299, 323 (2006)(litigation privilege relevant to second step in anti-SLAPP analysis as it presents a substantive defense plaintiff must overcome to demonstrate probability of prevailing). Thus, the Merritt defendants' motion to strike is GRANTED.

Plaintiffs may file an amended complaint within 28 days of today's date. Any amendment shall be limited in scope to the fraud claim, and in view of the court's ruling as to the Merritt defendants' motion to strike, may be stated only against defendant GMAC.

**IT IS SO ORDERED.**

Dated: December 7, 2011

PHYLLIS J. HAMILTON
United States District Judge